UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL S. CUSTODIO,**

        **Plaintiff,**

v.                                              Case No:   6:16-cv-985-Orl-40GJK

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

Michael Custodio (the "Claimant") appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred in: 1) not giving great weight to a disability determination by the United States Department of Veterans Affairs (the "VA"); and 2) not applying the correct legal standards in determining Claimant's credibility. Doc. No. 15 at 10-14, 18-20. Claimant requests that the Commissioner's decision be reversed and remanded for further proceedings. *Id.* at 24. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

**I.    PROCEDURAL BACKGROUND**

On August 26, 2014, Claimant applied for DIB. R. 18, 91. Claimant alleges an onset date of August 1, 2014. R. 18. On April 22, 2015, Claimant's DIB claim was denied initially. R. 110. On July 29, 2015, Claimant's DIB claim was denied upon reconsideration. R. 121-25. On August 31, 2015, Claimant filed a request for hearing. R. 130. On December 15, 2015, Claimant attended

a hearing before the ALJ. R. 43-77. On February 12, 2016, the ALJ issued an unfavorable decision. R. 15-42. On March 8, 2016, Claimant requested review of the ALJ's decision. R. 14. On April 12, 2016, the Appeals Council denied Claimant's request. R. 1-6. On June 7, 2016, Claimant filed his appeal. Doc. No. 1.

## II. STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted).

## III. ANALYSIS

### A. The VA's Disability Determination

Claimant's first argument centers on a VA disability determination. R. 183-87. Claimant argues that the ALJ's treatment of the VA's disability determination is reversible error because the

ALJ failed to articulate a legitimate basis for not giving it great weight. Doc. No. 15 at 10-14. The Commissioner responds with two arguments: 1) the ALJ provided sufficient reasons for not giving great weight to the VA's disability determination by finding that the VA's medical evidence does not support a disability finding under the Commissioner's regulations; and 2) the ALJ is under no obligation to afford great weight to the VA's disability determination because "the regulations are clear that a decision by another governmental agency about whether a claimant is disabled is not binding on the Commissioner." *Id.* at 14-18.

The Eleventh Circuit has held that the VA's disability determinations are entitled to great weight, but are not binding on the Commissioner. *See Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983)). When presented with a VA disability determination, "the ALJ must seriously consider and closely scrutinize [the determination] and must give specific reasons if the ALJ discounts [it]." *Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, No. 15-15305, 2016 WL 7157976, at *1 (11th Cir. Dec. 8, 2016) (citations omitted).[1] Accordingly, the ALJ cannot reject the VA's disability determination solely on the fact that it is not binding. *Gibson v. Comm'r of Soc. Sec.*, 725 F. Supp. 2d 1347, 1351 (M.D. Fla. 2010) (noting that the ALJ may not reject the VA's disability rating due to differing agency standards "without any true analysis of the basis for the VA rating"); *Hogard v. Sullivan*, 733 F. Supp. 1465, 1469 (M.D. Fla. 1990) ("The ALJ's perfunctory rejection of the VA disability rating as based on different criteria from Social Security disability determinations does not indicate that he accorded it great weight as required by the case law").

On October 28, 2014, the VA rendered the disability determination. R. 183-87. The determination states that Claimant entered the Air Force on July 10, 1997. R. 187. On November

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

26, 1997, Claimant was honorably discharged. *Id.* The VA found Claimant is entitled to Dependents' Educational Assistance and Individual Unemployability Benefits. R. 185. The VA's determination states that Claimant is entitled to such benefits because: 1) "the evidence shows [Claimant] currently has a total service-connected disability, permanent in nature"; and 2) "[Claimant] is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities." *Id.* Thus, the VA's disability determination states that Claimant is totally disabled and unable to secure substantially gainful employment because of his disability. R. 183-85.

The ALJ issued his unfavorable decision on February 12, 2016. R. 15-42. At step four of the sequential evaluation process, the ALJ found Claimant's statements concerning his impairments and symptoms not credible.[2] R. 29. In making such a finding, the ALJ provided a summary of the VA's medical records. R. 29-32. Some of the evidence the ALJ summarized may be viewed as supportive of Claimant's disability claim.[3] *Id.* The ALJ then addressed the VA's disability determination:

> The undersigned notes that [Claimant] was found to be one-hundred percent disabled, with eighty-percent of his disability connected to his [Air Force] service. The undersigned has considered the opinion evidence from the [VA] on the issue of disability pursuant to Social Security Ruling 06-3p. <u>However, the standards for established disability by other agencies differ and the undersigned is not bound by them. The undersigned has carefully considered the medical</u>

---

[2] The Social Security regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citing 20 C.F.R. § 404.1520). The ALJ must determine: 1) whether the claimant has engaged in substantial gainful activity; 2) whether the claimant has a severe impairment; 3) whether the severe impairment meets or equals the severity of one of the listed impairments; 4) whether the claimant has the residual functional capacity ("RFC") to perform his or her past relevant work; and 5) whether (considering the claimant's RFC, age, education, and work experience) the claimant could perform other work within the national economy. *Id.*

[3] The ALJ cites to VA treatment notes stating that Claimant exhibited limited interaction, was apathetic and depressed, and lacked animation. R. 29. The ALJ cites to VA treatment notes indicating that Claimant's judgment and insight were inadequate. R. 31. The ALJ cites to VA treatment notes stating that Claimant's concentration was brief and his attention was distractible. *Id.*

> evidence from the [VA], as set forth above, and has reached a conclusion that [Claimant's] impairments are significantly limiting, but not disabling under the Social Security Law and regulations.

R. 33 (emphasis added). Thus, the ALJ considered the VA's disability determination but did not provide great weight to it because: 1) the VA's standard for establishing disability differs from the Commissioner's; and 2) the ALJ's review of the medical evidence supported a finding that Claimant is not disabled under the applicable law. *Id.* For his second reason, does not specify what evidence he relied upon in making such a finding. *Id.* Instead, the ALJ refers to the aforementioned summary of the medical evidence. R. 29-32.

As stated above, an ALJ cannot reject a VA disability determination based on the fact that it is not binding. *Gibson*, 725 F. Supp. 2d at 1351; *Hogard*, 733 F. Supp. 1469. Thus, the ALJ's first reason for not giving great weight to the VA's disability determination is unavailing. With regard to the ALJ's second reason, the undersigned finds such reason conclusory and, as a result, it is unclear whether that reason is supported by substantial evidence. The ALJ does not cite any specific medical evidence supporting his finding that Claimant's limitations are not disabling under the applicable law. *Id.* Instead, the ALJ refers to his general summary of the VA's records. R. 29-33. The ALJ's reference to such summary is insufficient.

"[T]he ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination." *See Brown-Gaudet-Evans*, 2016 WL 7157976 at *1 (emphasis added). Thus, without any specific evidence showing why the ALJ did not provide great weight to the VA's disability determination, it is unclear whether the ALJ's decision is supported by substantial evidence. *Id.* Accordingly, the undersigned recommends that the case be remanded in order for the ALJ to specifically weigh the VA's disability determination and state specific reasons therefor.

### B. Claimant's Credibility

#### 1) The ALJ's Credibility Finding

In the Eleventh Circuit, subjective complaints of pain are governed by a two-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be: (1) evidence of an underlying medical condition and (2) either objective medical evidence that confirms the severity of the alleged symptoms arising from the condition *or* evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir.1986)). "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote,* 67 F.3d at 1561; 20 C.F.R. § 404.1529 (emphasis added). Thus, once the pain standard is satisfied, the issue becomes one of credibility.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Id.* "If the ALJ decides not to credit a claimant's testimony as to her pain, [he or she] must articulate explicit and adequate reasons for doing so." *Id.* at 1561–62. A reviewing court will not disturb a clearly articulated credibility finding based on substantial supporting evidence in the record. *Id.* at 1562. The lack of a sufficiently explicit credibility finding may be grounds for remand if credibility is critical to the outcome of the case. *Id.*

At step four, the ALJ found Claimant's subjective statements concerning the intensity, persistence, and limiting effects of his symptoms not credible. R. 29. Specifically, the ALJ found:

> In assessing [Claimant's] allegations of disability, the undersigned has considered multiple factors. First, [Claimant] has a strong work history for many years after his military discharge for depression …. [Claimant] was calm during the hearing, and was not in apparent distress. He was able to testify clearly. [Claimant's] treatment for depression and anxiety was conservative and non-aggressive. Additionally, [Claimant] declined additional medications from his VA physicians. [Claimant] did not require emergency medical treatment. [Claimant's] subjective complaints were not consistent with the objective signs found throughout the record. [Claimant] is able to perform household chores such as cooking, cleaning, bathing, and dressing, even if he requires redirection. In consideration of all these factors, the undersigned finds [Claimant's] allegations of disability less than fully credible.

R. 35 (emphasis added). Thus, the ALJ found Claimant's subjective complaints not credible because, *inter alia*: 1) Claimant has a strong work history for many years after his military discharge; 2) Claimant's subjective complaints were not consistent with the record; and 3) Claimant's daily activities such as cooking, cleaning, bathing, and dressing suggest otherwise. *Id.*

Claimant argues that the ALJ's credibility finding is improper for three reasons. First, the ALJ's finding that Claimant has a strong work history post-discharge overlooks the fact that Claimant had to take leave under the Family Medical Leave Act, 29 U.S.C. §2601 *et seq.* (the "FMLA") because his disability forced him to take a large amount of time off from work. Doc. No. 15 at 19. Second, Claimant argues that the ALJ failed to cite to any record evidence supporting his finding that Claimant's subjective complaints are inconsistent with the record. *Id.* at 19-20. Third, the ALJ improperly considered Claimant's activities of daily living in determining Claimant's credibility.[4] *Id.* at 20. The Commissioner makes three arguments in response: 1) the

---

[4] Claimant also argues that the ALJ engaged in "sit and squirm" jurisprudence by considering Claimant's demeanor at the hearing. Doc. No. 15 at 19. Nevertheless, the Court sees no error in the ALJ's consideration of Claimant's demeanor at the hearing because it was not exclusively relied upon. *See Macia v. Bowen*, 829 F.2d 1009, 1011 (11th Cir. 1987) (the ALJ "considered all of the evidence" and did not discredit the claimant's pain testimony based solely on his observations); *Norris v. Heckler*, 760 F.2d 1154, 1157-58 (11th Cir. 1985) (the ALJ properly considered demeanor among other criteria in finding that the claimant was not credible); *Long v. Shalala*, 902 F. Supp. 1544, 1547 (M.D. Fla. 1995) (the ALJ can consider "appearance and demeanor" of the claimant during the hearing as long as it is not exclusively relied upon).

ALJ's credibility finding is supported by the evidence cited by the ALJ; 2) Claimant ignores the ALJ's summary of the medical evidence showing Claimant's complaints are inconsistent with the medical record; and 3) the Commissioner's regulations specifically allow the ALJ to consider Claimant's daily activities when analyzing his subjective complaints. *Id.* at 23-24.

### 2) Claimant's Work History

The ALJ found that Claimant has a strong work history for many years after his military discharge. R. 35. The ALJ does not cite any record evidence for this finding. *Id.* Thus, it is unclear what evidence the ALJ believes may support his conclusory statement that Claimant has a strong work history because he cited none. R. 35. The Commissioner cites to a work history report (R. 488) which shows Claimant being employed since 1997, but Commissioner's citation to Claimant's work history report is post hoc rationalization. Doc. No. 15 at 22.[5]

The record shows that while working for the U.S. Postal Service, Claimant took a number of days off between January 2012 and November 2013. R. 229-439. At the hearing, Claimant's prior counsel noted that such documents existed in the record. R. 53. Furthermore, Claimant testified about his numerous absences due to FMLA leave:

| Claimant: | I had depression and anxiety…and so at that point, <u>I was missing a lot of work. At least, on the average three or four days a week ….</u> |
|---|---|
| ALJ: | Were you getting doctor's notes for this? |
| Claimant: | I was getting doctor's notes …. |
| Claimant: | <u>And I went under the [FMLA], but that would only carry me for so long ….</u> |

---

[5] It is well established that the Court will not consider post hoc rationalizations of an ALJ's decision. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). Furthermore, the report cited by the Commissioner simply states where and when Claimant worked. R. 488.

| ALJ: | So you left work under the [FMLA] to get treatment? |
|---|---|
| Claimant: | Yes. Well, throughout the three years, for only six months at a time, so for up to two years, yeah[.] I was [taking FMLA leave]. The doctors put me out on it, and then … once that ran out, then you're not covered anymore, so then you have to return to work. |
| ALJ: | So the doctors were taking you under [FMLA] leave? |
| Claimant: | Yes. |
| ALJ: | All right. And how many times did you go out under [the FMLA]? |
| Claimant: | Probably at least five times. |

R. 51-53 (emphasis added). Thus, the ALJ was well aware of Claimant's frequent taking of FMLA leave by doctors.[6] *Id.* The ALJ recognized Claimant's statements regarding his use of FMLA leave in his opinion:

> The [Claimant] reported that he was calling in sick several days per week, and he was unable to concentrate or focus long enough to do his job. The [Claimant] reported that when he had anxiety attacks, he would also leave, because he was unable to drive when he was anxious. The [Claimant] stated that he had excessive absenteeism when he was working at the post office. The [Claimant] reported that he would get released from work under [the FMLA] for six months at a time, and then he would return to work when his eligibility ended. He testified that he took FMLA breaks at least five times.
>
> The [Claimant] reported that he stopped working at the post office in August 2014. He testified he was medically discharged from the post office …

R. 28 (emphasis added). Thus, the ALJ noted that Claimant's testimony regarding his: 1) calling in sick several days per week; 2) excessive absenteeism while working at the post office; 3) reports that he would take FMLA leave for six months at a time; and 4) medical discharge from the post

---

[6] At the hearing, Claimant also testified that the Post Office attempted to have him dismissed because he was taking too many days off due to his impairments. R. 53.

office. *Id.* Nevertheless, without citing any evidence, the ALJ found Claimant's subjective complaints not credible because of Claimant's strong work history. R. 35. The undersigned notes that Claimant's alleged onset date is August 1, 2014 and, thus, it is totally unclear how Claimant's strong work history prior to that date would undermine Claimant's testimony about his symptoms or inability to work after July 31, 2014. Therefore, it is recommended that the Court find that the ALJ committed reversible error by not citing any support for the portion of his adverse credibility finding based on Claimant's strong work history. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210-1211 (11th Cir. 2005) (citations omitted) (noting that "[a]lthough this circuit does not require an explicit finding as to credibility ... the implication must be obvious to the reviewing court").

### 3) Claimant's Subjective Complaints Being Inconsistent with the Record

The ALJ found Claimant's subjective complaints to be inconsistent with the objective evidence throughout the record. R. 35. Claimant argues that the ALJ failed to note any inconsistencies between Claimant's subjective complaints and the findings in the record. Doc. No. 15 at 19-20. The undersigned agrees. The ALJ does not state any specific reasons nor provide any evidence as to how the record contradicts Claimant's subjective testimony. R. 35. Moreover, as already established, the ALJ provides a summary of the VA's medical records, but the ALJ does not state what evidence he relied upon in support of his credibility finding. R. 29-33, 35. Without an explicit statement explaining what evidence contradicted Claimant's subjective complaints, it is unclear whether the ALJ's reason is supported by substantial evidence. *See Dyer*, 395 F.3d at 1210-1211. Therefore, it is recommended that the Court find the ALJ committed reversible error by not citing any support for the portion of his adverse credibility finding based on inconsistency between Claimant's subjective complaints and the record.

### 4) Claimant's Daily Activities

Claimant also argues that the ALJ erred in considering Claimant's daily activities of short duration when considering Claimant's credibility. Doc. No. 15 at 20. The undersigned agrees. It is true that the Commissioner, *inter alia*, can consider a claimant's daily activities in his credibility determination. *See Bear v. Astrue*, 838 F.Supp.2d 1267, 1281 (M.D. Fla. 2011) (citing *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir.1986)) ("The Eleventh Circuit has noted that the ALJ has at his disposal many reasons for finding a claimant's testimony not credible, including daily activities"). However, it is improper for the ALJ to consider such activities if they are of a short duration. *See Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir.1997) ("[n]or do we believe that participation in everyday activities of short duration, such as housework ... disqualifies a claimant for disability..."). *See also Wolfe v. Comm'r of Soc. Sec.*, No. 6:11–cv–1316–ORL–DAB, 2012 WL 3264916, at *6 (M.D. Fla. Aug. 10, 2012) ("while an ALJ can consider reports of vigorous daily activities as evidence that a claimant is capable of such activity, no vigorous activity is identified here"). The undersigned considers the aforementioned cases persuasive and recommends that the Court find that the ALJ erred in considering Claimant's limited daily activities in his credibility determination.

### IV. CONCLUSION

Based on the foregoing, the undersigned recommends that the Court find that the ALJ erred by: 1) providing insufficient reasons for not giving great weight to the VA's disability determination; and 2) providing unsupported or inadequate reasons for his credibility determination. While some of the ALJ's reasons supporting his credibility finding may be supported by substantial evidence, others are not, and thus remand is warranted. *See Wolfe,* 2012 WL 3264916 at *6. *See also Himes v. Comm'r of Soc. Sec.* 585 F. App'x 758, 767 (11th Cir. 2014)

(finding reversible error based on an ALJ's partially erroneous credibility rationale). The undersigned recommends that on remand, the ALJ: 1) specifically weigh the VA's disability determination and state the reasons therefor; and 2) reconsider the reasons provided for his credibility determination.

Accordingly, it is **RECOMMENDED** that the Court:

1. **REVERSE AND REMAND** the Commissioner's final decision for further proceedings pursuant to sentence four of Section 405(g); and

2. Direct the Clerk to award judgment in favor of Claimant and to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 16, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy